UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ) | CHAPTER 7 |
| ) | |
| WILTON ARMETALE, INC. a/k/a ) | |
| WAPITA, INC., ) | CASE NO. 16-16779-REF |
| ) | |
| DEBTOR ) | |
| ) | |

**STIPULATION AND CONSENT ORDER RESOLVING RESPONSE TO PROPOSED ABANDONMENT ORDER**

This Stipulation and Consent Order (the "Stipulation") is made by and between counsel for (i) David Alan Eisenberg, Esquire (the "Wilton Trustee"), the court appointed chapter 7 Trustee for the estate of Wilton Armetale, Inc.; (ii) Wilton Armetale, Inc. (the "Debtor"); (iii) Artesanias Hacienda Real S.A. de C.V. ("Artesanias"); and (iv) Lynn E. Feldman, Esquire, the court appointed chapter 7 Trustee for the estate of Ivan L. Jeffery (the "Jeffery Trustee" and together with the Trustee, the Debtor, and Artesanias, the "Parties"), by and through their respective undersigned counsel, resolving certain matters in the Debtor's bankruptcy case, as set forth below. In support hereof, the Parties aver as follows:

**RECITALS**

WHEREAS, on September 26, 2016, the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Court");

WHEREAS, on September 27, 2016, the Wilton Trustee was appointed as the chapter 7 Trustee for the Debtor and its estate;

DM3\5209622.1

WHEREAS, on February 21, 2018, the Wilton Trustee filed a Motion to Approve Interim Distribution (D.I. 124) (the "Distribution Motion") and an Interim Application for Compensation (D.I. 126) (the "Interim Application");

WHEREAS, on February 28, 2018, Artesanias objected to both the Distribution Motion and the Interim Application (D.I. 128 & 129);

WHEREAS, Artesanias and the Wilton Trustee entered into a certain Settlement Agreement dated March 19, 2018 (D.I. 132-1) (the "Settlement Agreement") resolving Artesanias' objections to the Distribution Motion and Interim Application;

WHEREAS, on March 20, 2018, the Wilton Trustee filed a motion to approve the Settlement Agreement under Rule 9019 of the Federal Rules of Bankruptcy Procedure (D.I. 132) (the "9019 Motion");

WHEREAS, the Settlement Agreement required that the Wilton Trustee also file a Motion to Abandon all Non-Pursued "Claims" (as defined in 11 U.S.C. 101(5), including fraudulent transfer and other causes of action) against other persons and entities, including (without limitation) Claims against Gordon Brothers Commercial & Industrial LLC and its affiliates and Ivan Jeffery (the "Abandonment Motion"). Settlement Agreement ¶ (a);

WHEREAS, the Settlement Agreement further provided that the 9019 Motion and the Abandonment Motion must be concurrently or simultaneously approved by the Court in order for the settlement to be effectuated. Settlement Agreement ¶ (g);

WHEREAS, on March 20, 2018, the Wilton Trustee filed the Abandonment Motion (D.I. 134);

WHEREAS, on April 3, 3018, the Jeffery Trustee filed a response to the Abandonment Motion (D.I. 138);

WHEREAS, on April 9, 2018, Artesanias filed a Reply in support of the Abandonment Motion (D.I. 140), and thereafter on April 10, 2018 the Wilton Trustee filed a joinder to Artesanias's Reply (D.I. 141);

WHEREAS, on April 10, 2018, the Jeffery Trustee filed a "Complaint to Avoid and Recover Fraudulent Transfers" against Ivan Jeffery and Ivan Jeffery's wife, Wilhemina Jeffery, in this Court (Adv. Pro. No. 18-0087-REF);

WHEREAS, on April 27, 2018, this Court entered an Order Appointing Mediator (D.I. 151) appointing Thomas E. Biron, Esq. (the "Mediator") mediator with respect to certain issues raised in the Distribution Motion, the Interim Application, the 9019 Motion, and the Abandonment Motion (the "Mediation");

WHEREAS, the Mediation was held on May 14, 2018, with the Mediator, and, at the conclusion thereof, the Wilton Trustee, the Jeffery Trustee, Artesanias, and the Debtor have entered into this Stipulation.

## STIPULATION

**NOW, THEREFORE**, it is hereby stipulated and agreed by and between the Parties, through their respective undersigned counsel:

1.  The "Claims" (as defined in 11 U.S.C. Section 101(5)) which the Wilton Trustee abandons to the Debtor (the "Abandoned Claims") include (without limitation) (a) Claims against Gordon Brothers Commercial & Industrial LLC and its affiliates for fraudulent transfer and related causes of action, and (b) Claims against Ivan Jeffery for breach of fiduciary duty and fraud/fraudulent concealment and related causes of action;

DM3\5209622.1

provided, however, that the Abandoned Claims do *not* include (and the Wilton Trustee is *not* abandoning) (x) the "negligence/professional liability" and "breach of contract" claims asserted for the Wilton Trustee by the Wilton Trustee's special counsel in Adversary Proceeding No. 17-00372-JKF against Leisawitz Heller and Leisawitz Heller attorneys, and (y) any preference and fraudulent transfer Claims against Ivan Jeffery and/or Wilhemina Jeffery (the "Wilton Avoidance Claims").

2. The Wilton Trustee and the Jeffery Trustee each irrevocably waive, and neither of them will file, submit or otherwise make, any objection or impediment to or otherwise interfere with assertion or pursuit by Artesanias or the Debtor of any of the Abandoned Claims, nor will the Wilton Trustee or the Jeffery Trustee assert any right, claim or interest in or to any proceeds or other benefits which Artesanias or the Debtor may obtain from or in connection with any of the Abandoned Claims.

3. To the extent that Artesanias or the Debtor actually recover any money on account of the Abandoned Claims, such recovery (after deduction and net of attorneys' fees, filing fees, deposition and transcription costs, and other out-of-pocket expenses (the "Fees and Costs"); subject in all respects to the Jeffery Trustee's right to object to the Fees and Costs, and with Artesanias and the Jeffery Trustee reserving all of their respective rights and defenses with respect to the Fees and Costs) will be deducted from the proofs of claim filed by Artesanias in both the Wilton and Jeffery bankruptcy cases on a dollar for dollar basis.

4. The Jeffery Trustee agrees the Jeffery Trustee will not enter into, file, submit, or seek approval of, any settlement, stipulation, waiver, instrument or agreement with Ivan Jeffery and/or Wilhemina Jeffery or other document which impedes, precludes

DM3\5209622.1

or otherwise interferes with Artesanias' Complaint to Deny Debtor Ivan Jeffery Discharge (Adv. Pro. No. 17-0028-JKF) or otherwise impedes, precludes or interferes with assertion or pursuit by Artesanias or by the Debtor of any of the Abandoned Claims.

5.  Artesanias and the Debtor hereby irrevocably waive and relinquish the right to object to any settlement between the Jeffery Trustee, on the one hand, and Ivan Jeffery and/or Wilhemina Jeffery, on the other hand, and will not file, submit or otherwise pursue any objection to any such settlement, unless such settlement either (a) fails to meet the requirements of Rule 9019 of the Federal Rules of Bankruptcy Procedure, or (b) breaches, contravenes, or otherwise violates Paragraph 4 of this Stipulation.

6.  The Wilton Trustee's abandonment to the Debtor of the Abandoned Claims shall be effective immediately upon the Court's signature and entry of this Order.

7.  Each of the Parties hereto represents and warrants that it has carefully read this Stipulation in its entirety; that it has had an adequate opportunity to consider it and to consult with any advisor of its choice about it; that it understands all of its terms; that its undersigned representative is duly authorized to enter into this Stipulation on its behalf; that it voluntarily assents to all the terms and conditions contained herein; that by signing this Stipulation it is bound by the terms and conditions contained herein; and that it is signing this Stipulation voluntarily and of its own free will.

8.  This Stipulation contains the entire agreement by and between the Parties with respect to the subject matter hereof, and all prior understandings or agreements, if any, are merged into this Stipulation.

9. This Stipulation shall not be changed, modified or otherwise altered unless such change, modification or alteration is contained in a writing executed by the Parties. Oral modifications are not permitted.

10. This Stipulation shall be effective immediately upon approval by the Court.

11. The Court shall retain jurisdiction to hear any matters or disputes arising from or relating to this Stipulation.

12. This Stipulation may be signed in counterpart originals.

13. Upon the Court's approval of this Stipulation, the Parties agree that the Court may enter the following orders:

   a. The Order Approving the Motion to Approve Compromise under Rule 9019 (D.I. 136);

   b. The Order Approving the Motion for Interim Distribution (as revised per agreement between the Trustee and Artesanias) (D.I. 132-1);

   c. The Order approving the Interim Application for Compensation for David Alan Eisenberg, Chapter 7 Trustee (D.I. 126), approving fees in the amount of $43,582.12 and reimbursement of expenses in the amount of $69.68 (D.I. 155);

   d. The Order approving the Interim Application for Compensation for Gellert Scali Busenkell & Brown LLC (D.I. 120), approving fees in the amount of $28,197.10 and reimbursement of expenses in the amount of $1,157.88 (D.I. 156);

e.  The Order approving the Interim Application for Compensation for Fegley & Associates, approving fees in the amount of $2,190.00 (D.I. 122-2).

Dated: June 1, 2018

Respectfully submitted,

| GELLERT SCALI BUSENKELL & BROWN, LLC | DUANE MORRIS LLP |
|---|---|
| /s/Holly S. Miller<br>Gary F. Seitz, Esq.<br>Holly S. Miller, Esq.<br>601 Walnut Street Suite 750 West<br>The Curtis Center<br>Philadelphia, PA  19106<br>Tel: (215) 238-0010<br>Fax: (215) 238-0016<br>Email: gseitz@gsbblaw.com<br>         hsmiller@gsbblaw.com<br><br>*Counsel to the Wilton Chapter 7 Trustee* | /s/Lawrence J. Kotler<br>30 South 17th Street<br>Philadelphia, PA  19103<br>Tel: (215) 979-1514<br>Fax: (215) 689-2746<br>Email: LJKotler@juanemorris.com<br><br>*Counsel for the Jeffery Chapter 7 Trustee* |
| /s/Barry L. Goldin<br>Barry L. Goldin, Esq.<br>3744 Barrington Drive<br>Allentown, PA 18104-1759<br>Tel: 610-336-6680 Fax: 610-336-6678<br>Email: barrygoldin@earthlink.net<br><br>*Attorney for Party in Interest Artesanias* | /s/John R. Solt<br>John R. Solt, Esq.<br>2045 Westgate Dr., Suite 404B<br>Bethlehem, PA  18017<br>Tel: 610-865-2465 Fax: 610-691-2018<br>Email: jsolt.soltlaw@rcn.com<br><br>*Attorney for Debtor Wilton* |

**Date: June 6, 2018**

**SO ORDERED:**

**BY THE COURT:**

_____
**RICHARD E. FEHLING**
**CHIEF U.S. BANKRUPTCY JUDGE**