IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: WILTON ARMETALE, INC. aka WAPITA, INC., <br> Debtor | : <br> : **Chapter 7** <br> : **Case No. 16-16779-PMM** <br> : |

**MOTION OF DEBTOR WILTON ARMETALE, INC. AND ITS CO-PLAINTIFF ARTESANIAS HACIENDA REAL S.A. de C.V. FOR APPROVAL OF THEIR SETTLEMENT AGREEMENT WITH DEFENDANT GORDON BROTHERS COMMERCIAL & INDUSTRIAL, LLC**

Debtor Wilton Armetale, Inc. a/k/a WAPITA, Inc. ("Debtor") and its Co-Plaintiff Artesanias Hacienda Real S.A. de C.V. ("Artesanias") (collectively "Plaintiffs" and each a "Plaintiff"), through their undersigned counsel, hereby move this Court (the "Motion") for an order pursuant to 11 U.S.C. §105 and the Federal Rules of Bankruptcy Procedure and such other statutes, rules and law as may be applicable approving the Settlement Agreement between Plaintiffs, on the one hand, and on the other hand, defendant Gordon Brothers Commercial & Industrial, LLC ("Gordon Brothers") and so resolving the adversary proceedings in this Court captioned *Wilton Armetale, Inc. a/k/a WAPITA, Inc. and Artesanias Hacienda Real S.A. de C.V. v. Gordon Brothers Commercial & Industrial, LLC*, Adv. Proc. #18-0200 (the "Adversary Proceeding").

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§157 and 1334.

2. This has been a core proceeding pursuant to 28 U.S.C. §157(b).

3. Venue in this district is proper pursuant to 28 U.S.C. §§1408 and 1409.

### BACKGROUND

1

4. On September 26, 2016 (the "Petition Date"), Wilton filed a voluntary petition for relief under Chapter 7 of Title 11 of the U.S. Code (the "Bankruptcy Code") in the U.S. Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court").

5. On September 27, 2016, David Eisenberg (the "Trustee") was appointed as trustee of the Debtor's Estate.

6. On March 28, 2018, the Trustee filed a motion (the "Abandonment Motion") [Doc. No. 134] seeking, among other things, to abandon claims for fraudulent transfer and related caused of action against Gordon Brothers (the "Claims") to the Plaintiffs.

7. On June 8, 2018, the Bankruptcy Court entered an order (the "Abandonment Order") [Doc. No. 159] which, among other things, approved abandonment by the Trustee of the Claims to the Plaintiffs.

8. On August 31, 2018, the Plaintiffs filed a complaint (the "Complaint") [Adv. Doc. No. 1] which commenced the Adversary Proceeding seeking judgments against Gordon Brothers with respect to the Claims.

9. The Complaint relates to (among other things) sale of non-real estate assets of Wilton to Gordon Brothers and matters in connection therewith.

10. On October 4, 2018, Gordon Brothers filed its Answer to the Complaint [Adv. Doc. No. 6].

11. In view of the expense and difficulty in litigating the merits of the Plaintiffs' claims and Gordon Brothers' defense, the parties have decided to resolve this matter amicably and without further litigation as set forth in the Settlement Agreement a copy of which is attached as Exhibit 1 hereto (the "Settlement Agreement").

12. The Settlement Agreement provides for payment by Gordon Brother for Wilton/Artesanias in immediately available funds of a settlement amount of $65,000 (U.S.) (the "Settlement Amount"), whereupon mutual releases of the parties will become effective and Plaintiffs will cause the Adversary Action to be dismissed with prejudice.

13. Under the Settlement Agreement (§§), no Plaintiff releases or shall be deemed to release, and the Settlement Agreement is without prejudice to and does not discharge, limit, interfere with, or otherwise impair, any right, claim, demand, action, or cause of action (whether known or unknown and whether matured or unmatured) either Plaintiff may have against (among others) Ivan L. Jeffery, Wilhelmina Jeffery (Ivan Jeffery's wife), the Ivan Jeffery Chapter 7 Trustee or Chapter 7 Estate, Leisawitz Heller, Charles Phillips, Eden Bucher, or North Mill Capital LLC, or any officer, director, member, representative, partner, parent, subsidiary or affiliate of any of them.[1]

14. The Settlement Agreement is conditioned upon completion no later than December 31, 2020 of (i) issuance by this Court of an Order approving the Settlement Agreement in the form of Exhibit 1 thereto; (ii) that Order having become final and non-appealable; and (iii) payment and receipt of the Settlement Amount in accordance with the Settlement Agreement.

15. Pursuant to the Wilton Chapter 7 Trustee's abandonment of the Claims, the Wilton Chapter 7 Trustee and the Wilton Chapter 7 Estate will not be entitled to any of the Settlement Proceeds and have no interest in the Settlement Agreement.

## LEGAL ANALYSIS

---

[1] Plaintiffs also have brought and are pursuing actions against (among others) Ivan L. Jeffery, Leisawitz Heller, Charles Phillips, Eden Bucher, and North Mill Capital, LLC and have filed a Proof of Claim against and are entitled to distribution(s) from the Chapter 7 Estate of Ivan L. Jeffery.

16. Settlements are favored as a means of reducing costs and expense of litigation, reducing burden on the courts, and facilitating the administration of justice.

17. This Court has the power to approve a compromise or settlement of an adversary proceeding pending before it (such as the Adversary Proceeding between Plaintiffs and Gordon Brothers currently pending in this Court).

18. Consummation of the Settlement Agreement and dismissal of the Adversary Proceeding will eliminate further cost, expense and risk of litigation for the parties and likewise reduce the burden on this Court.

WHEREFORE, Debtor Wilton and co-plaintiff Artesanias respectfully request entry of the an Order in the accompanying form, and such other and further relief as is just and equitable.

Dated: November 25, 2020

/s/John R.K. Solt
JOHN R. K. SOLT, ESQ.
2045 Westgate Dr., Suite 404B,
Bethlehem, PA 18017
Tel: 610-865-2465 Fax: 610-691-2018
Email: jsolt.soltlaw@rcn.com
*Attorney for Debtor Wilton Armetale,*
*Inc. a/k/a WAPITA, Inc.*

/s/Barry L. Goldin
BARRY L. GOLDIN, ESQ.
3744 Barrington Drive
Allentown, PA 18104-1759
Tel: 610-336-6680 Fax: 610-336-6678
Email: barrygoldin@earthlink.net
*Attorney for Judgment Creditor Artesanias*
*Hacienda Real S.A. de C.V. and for Debtor*
*Wilton Armetale, Inc. a/k/a WAPITA, INC.*

**DEFENDANT GORDON BROTHERS COMMERCIAL & INDUSTRIAL, LLC,**
**THROUGH UNDERSIGNED COUNSEL HEREBY CONSENTS TO THE**
**RELIEF REQUESTED IN THIS MOTION:**
STEVENS & LEE
/s/Robert Lapowsky
Robert Lapowsky
620 Freedom Business Center, Suite 200
King of Prussia, Pennsylvania 19406
Telephone: (610) 205-6000
rl@stevenslee.com & ebc@stevenslee.com
*Attorneys for Defendant Gordon Brothers Commercial & Industrial, LLC*

HAC01112.2MGBSETTLK

# EXHIBIT 1

Case 16-16779-pmm    Doc 230    Filed 11/25/20    Entered 11/25/20 13:33:58    Desc Main
Document      Page 5 of 13

## SETTLEMENT AGREEMENT

This **Settlement Agreement** (the "Agreement") made as of the 24th day of November, 2020 by and between, on the one hand, **Wilton Armetale, Inc. a/k/a WAPITA, Inc.** (the "Debtor" or "Wilton") and **Artesanias Hacienda Real S.A. de C.V.** ("Artesanias"), and, on the other hand, **Gordon Brothers Commercial and Industrial, LLC** ("Gordon Brothers") sets forth the terms, provisions and conditions upon which the parties have agreed to settle the adversary proceeding of Plaintiffs Wilton and Artesanias (collectively "Plaintiffs" and each a "Plaintiff") against Gordon Brothers, captioned *Wilton Armetale, Inc. a/k/a WAPITA, Inc. and Artesanias Hacienda Real S.A. de C.V. v. Gordon Brothers Commercial and Industrial, LLC*, Adv. Proc. No. 18-200 (the "Adversary Proceeding").

## RECITALS

WHEREAS, on September 26, 2016 (the "Petition Date"), Debtor Wilton filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court") [Case No. 16-16779];

WHEREAS, on September 27, 2016, David Eisenberg (the "Trustee") was appointed as trustee of the Debtor's Estate; and

WHEREAS, on March 28, 2018, the Trustee filed a motion (the "Abandonment Motion") [Doc. No. 134] seeking, among other things, to abandon claims for fraudulent transfer and related causes of action against Gordon Brothers (the "Claims") to the Plaintiffs; and

WHEREAS, on June 8, 2018, the Bankruptcy Court entered an order (the "Abandonment Order") [Doc. No. 159] which, among other things, approved abandonment of the Claims by the Trustee to the Plaintiffs; and

WHEREAS, on August 31, 2018, the Plaintiffs filed a complaint (the "Complaint") [Adv. Doc. No. 1] which commenced the Adversary Proceeding and which sought judgments against Gordon Brothers on account of the Claims;

WHEREAS, the Complaint relates to (among other things) entry into and consummation of certain agreements dated March 7, 2016 and related transactions between Wilton and Gordon Brothers with respect to and in connection with sale of certain assets of Wilton to Gordon Brothers;

WHEREAS, on October 4, 2018, Gordon Brothers filed an Answer to the Complaint [Adv. Doc. No. 6];

1

WHEREAS, in view of expense and difficulty in litigating merits of the Plaintiffs' claims and Gordon Brothers' defense, the parties have decided to resolve this matter amicably and without further litigation as set forth in this Settlement Agreement; and

WHEREAS, Plaintiffs also brought and are pursuing actions against, among others, Ivan L. Jeffery, Leisawitz Heller, Charles Phillips, Eden Bucher, and North Mill Capital LLC (the "Named Defendants"), and Artesanias also filed a Proof of Claim against and is creditor of the Chapter 7 Estate of Ivan L. Jeffery.

NOW THEREFORE, in consideration of the promises and agreements set forth herein and other good and valuable consideration, the receipt and sufficiency of which each party hereto hereby acknowledges, the parties stipulate and agree as follows:

1. Promptly following the date hereof, the Plaintiffs shall seek by Motion ("Motion"), approval of this Agreement and accompanying proposed Order in the form of Exhibit A hereto (the "Proposed Order"); Gordon Brothers shall join in, consent to, and support the Motion and entry of the Proposed Order; and Gordon Brothers shall not at any time oppose, interfere with, delay or otherwise prejudice Bankruptcy Court approval of this Agreement or entry of the Proposed Order.

2. On the first business day following entry of the Proposed Order (the "Approval Order"), and passage of sufficient time for the Approval Order to be a Final Order (as hereinbelow defined), Gordon Brothers shall pay to and for Plaintiffs the sum of sixty-five thousand dollars ($65,000 U.S.) (the "Settlement Payment") by wire transfer to an account maintained by Plaintiffs' counsel Barry L. Goldin, Esq., pursuant to wiring instructions to be provided by Mr. Goldin.

3. As used in this Settlement Agreement, the term "Final Order" means an order as to which (a) the operation or effect has not been reversed, stayed, modified, or amended, (b) no appeal or motion for reconsideration is pending, and (c) any and all appeal periods have expired.

4. Promptly following the Approval Order becoming a Final Order and receipt of the Settlement Payment by Mr. Goldin, the Plaintiffs shall dismiss the Adversary Proceeding with prejudice.

5. Upon receipt by Mr. Goldin of the Settlement Payment:

(i) Plaintiffs Wilton and Artesanias shall be deemed to have released Gordon Brothers and all of its officers, directors, members, representatives, partners, parents, subsidiaries and affiliates from any and all claims, demands, and causes of action (known and unknown and matured or unmatured) which have arisen or may arise in connection with, under, relating to, or resulting from the agreements, transactions, matters or claims described in the Complaint or in any exhibit to the Complaint; and

2

(ii) Gordon Brothers shall be deemed to have released each of the Plaintiffs and all of each Plaintiff's officers, directors, members, representatives, partners, parents, subsidiaries and affiliates from any and all claims, demands, and causes of action (known and unknown and matured or unmatured) which have arisen or might arise in connection with, under, relating to, or resulting from the agreements, transactions, matters, or claims described in the Complaint or in any exhibit to the Complaint.

6. Neither Plaintiff shall be deemed to release any person or entity other than those identified in Section 5(i) above. Thus, this Agreement is without prejudice to and does not and shall not be deemed to release, discharge, limit, interfere with, or otherwise impair, any right, claim, demand, action, or cause of action (whether known or unknown and whether matured or unmatured) that either Plaintiff has or may have against (among others) Ivan L. Jeffery, Wilhelmina Jeffery (wife of Ivan Jeffery), the Ivan Jeffery Chapter 7 Trustee, the Ivan Jeffery Chapter 7 Estate, Leisawitz Heller, Charles Phillips, Eden Bucher, or North Mill Capital LLC, or any officer, director, member, representative, partner, parent, subsidiary or affiliate of any of them.

7. This Agreement constitutes the entire agreement between the parties relating to the subject matter hereof and is binding upon and will inure to the benefit of each Plaintiff, Gordon Brothers, and their respective successors and assigns.

8. No modification, amendment, waiver or release of any term or provision of this Agreement is valid unless in writing and executed by the party against whom enforcement is sought. No such waiver shall in any event be deemed a waiver of any subsequent default under the same or any other term or provision of this Agreement.

9. Each of the parties acknowledges that (a) it has participated in the negotiation and drafting of this Agreement, and no provision of this Agreement shall be construed against or interpreted to the disadvantage of any party by any court or other governmental or judicial authority by reason of such party having or being deemed to have structured, dictated or drafted such provision; (b) it at all times has had access to an attorney in the negotiation of the terms of and in the preparation and execution of this Agreement, and it has had the opportunity to review, analyze, and discuss with its counsel this Agreement, and the underlying factual matters relevant to this Agreement for a sufficient period of time prior to the execution and delivery hereof and thereof; (c) all of the terms and provisions of this Agreement were negotiated at arm's length; (d) no representation or warranty, express or implied, has been made to enter into or abide by this Agreement, except representations and warranties expressly set forth in this Agreement; (e) this Agreement was prepared and executed without fraud, duress, undue influence, or coercion of any kind; (f) the execution and delivery of this agreement is the free and voluntary act of each of the parties; (g) the person(s) executing this Agreement for it are duly authorized to do so; and (h) this Agreement is binding upon and enforceable against it.

3

11 23 2020 SL1 1666233v4 112471 00001

10. This Agreement may be executed in counterparts, each of which is deemed an original of this Agreement, but all of which constitute one and the same Agreement. This Agreement may be executed by electronic, pdf or facsimile signature.

11. This Agreement shall be so construed to be enforceable to the fullest extent permitted by law.

12. The Bankruptcy Court will retain exclusive jurisdiction over any matter, claim or dispute arising from or relating to this Agreement, and each Plaintiff and Gordon Brothers consent to such exclusive jurisdiction provided, however, if the Bankruptcy Court declines or is unable to exercise such jurisdiction, then, notwithstanding the exclusivity of the jurisdictional grant stated above, any party may submit any matter, claim or dispute arising under this Agreement to a State court situated in the Commonwealth of Pennsylvania or a Federal court situated in the Eastern District of Pennsylvania, and the parties submit to the jurisdiction of such courts under such circumstance.

13. In the event the Proposed Order does not become a Final Order on or before December 31, 2020, then any party hereto by notice to the other parties hereto may give notice of termination of this Agreement, whereupon this Agreement shall be deemed null and void and of no force or effect; provided no party shall give such notice or terminate this Agreement if the failure or delay in obtaining a Final Order is a result of such party's breach of this Agreement.

14. Any consent, waiver, notice, demand, request or other instrument required or permitted to be given under this Agreement shall be in writing and be deemed to have been properly given when delivered in person or by Fed Ex, UPS or other courier or by electronic mail (receipt confirmed) or by certified or registered mail, return receipt requested, postage prepaid, addressed:

If to Wilton or to Artesanias:

Artesanias Hacienda Real S.A. de C.V.
Attn: Ernesto Martin del Campo Romero
Ave. Industria del Agave 166
Zapopan, Jalisco, Mexico

*With a copy to:*
Barry L. Goldin, Esq.
3744 Barrington Drive,
Allentown, PA  18104-1759
Email: barrygoldin@earthlink.net

If to Gordon Brothers:
Gordon Brothers Commercial & Industrial LLC, Attn: President
800 Boylston Street, 27th Floor

4

11-23-2020 SL1 1666233v4 112471.00001

Boston, MA 02199

*With a copy to:*
Stevens & Lee
Attn: Robert Lapowsky, Esq.
620 Freedom Business Center, Suite 200
King of Prussia, PA 19406
Email: rl@stevenslee.com

Any party may change its address for notices by notice in the manner set forth above.

15. This Agreement is governed by and shall be construed in accordance with the laws of the Commonwealth of Pennsylvania applicable to agreements to be performed entirely within the Commonwealth of Pennsylvania.

In Witness Whereof, the parties have signed this Agreement as of the date first-above written.

WILTON ARMETALE, INC. a/k/a WAPITA, Inc.

By: _____
    Ernesto Martin del Campo Romero

ARTESANIAS HACIENDA REAL S.A. de C.V.

By: _____
    Ernesto Martin del Campo Romero

GORDON BROTHERS COMMERCIAL AND INDUSTRIAL, LLC

By: _____

Leslie Zmugg, General Counsel
(Print name and title of signatory)

5

11.23.2020 SL1 1666233v4 112471.00001

# EXHIBIT A

Case 16-16779-pmm    Doc 230    Filed 11/25/20    Entered 11/25/20 13:33:58    Desc Main
Document    Page 11 of 13

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: WILTON ARMETALE, INC. aka WAPITA, INC., **Debtor** | : <br> : Chapter 7 <br> : Case No. 16-16779-PMM <br> : |

### [Proposed] ORDER

Upon consideration of the Motion of Debtor Wilton Armetale, Inc. a/k/a/ WAPITA, Inc. ("Debtor") and its co-plaintiff Artesanias Hacienda Real S.A. de C.V. ("Artesanias") for an Order pursuant to 11 U.S.C. §105 and such other statutes, rules and law as may be applicable approving the Settlement Agreement dated as of November ___, 2020 by and between, on the one hand, Plaintiffs Wilton and Artesanias ("Plaintiffs" and each a "Plaintiff") and, on the other hand, defendant Gordon Brothers Commercial & Industrial LLC (the "Settlement Agreement") in the action captioned *Wilton Armetale, Inc. a/k/a WAPITA, Inc. and Artesanias Hacienda Real S.A. de C.V. v. Gordon Brothers Commercial & Industrial, LLC*, Adv. Proc. #18-0200 (the "Adversary Proceeding"); the Court having reviewed the Motion; and it appearing to the Court that:

(a) it has jurisdiction over the matter pursuant to 28 U.S.C. §§157 and 1334;

(b) this has been a core proceeding pursuant to 28 U.S.C. §157(b); and

(c) this Court having determined that the legal and factual basis set forth in the Motion establish just cause for the relief granted herein; it is hereby

ORDERED, the Motion is GRANTED; and it is further

ORDERED, the Settlement Agreement and the terms and provisions set forth therein shall be, and hereby are APPROVED; and it is further

ORDERED, that, as set forth in §6 of the Settlement Agreement, neither of the Plaintiffs shall be deemed to release, and the Settlement Agreement is without prejudice to and does not release, discharge, limit, interfere with, or otherwise impair, any right, claim, demand, action, or cause of action (whether known or unknown and whether matured or unmatured) that either Plaintiff may have against (among others) Ivan L. Jeffery, Wilhelmina Jeffery (wife of Ivan L. Jeffery), the Ivan Jeffery Chapter 7 Trustee, the Ivan Jeffery Chapter 7 Estate, Leisawitz Heller, Charles Phillips, Eden Bucher, or North Mill Capital LLC, or any officer, director, member, representative, partner, parent, subsidiary or affiliate of any of them.

Dated: _____, 202__

PATRICIA M. MAYER
UNITED STATES BANKRUPTCY JUDGE.